The railroad company desire to acquire the right to build a street surface railroad in and upon the Southern boulevard in the city of New York. This boulevard was laid out and opened through the land of private owners under and by virtue of an act of the legislature passed in 1867 (Chap. 290).
Section 24 of that act prohibited the laying of any rails in the boulevard except for the purpose of crossing it, and provided that if the legislature should thereafter authorize the building of a railroad along the boulevard nothing in the act of 1867 should be construed to affect or cut off the rights of the owners of the lands taken for the boulevard from claiming *Page 97 
and receiving the full value of all the land taken from the owners for the road thus to be authorized, to the same extent as if no boulevard had ever been laid out there.
In 1884 (Chap. 252), the legislature passed the General Street Surface Railroad Act and under it the Southern Boulevard Railroad Company has been organized. In 1887 (Chap. 723, Laws of 1887), the legislature amended the twenty-fourth section of the act of 1867, under which amendment the abovenamed railroad company claims the right to build its road in the Southern boulevard. It applied by petition to the Supreme Court for the appointment of commissioners to appraise the value of the lands taken by the company. Among the owners of lands in the boulevard, which had been taken under the act of 1867 for the purposes of that boulevard only, were the executors of Mr. Spoffard, officially and individually. The commissioners were appointed to take evidence as to the value of the land of the executors, etc., and gave a merely nominal award, apparently, as is said by the learned judge who delivered the opinion at the General Term, basing their award upon the provisions of section 24, as amended in 1887, and thus enabling the railroad company to acquire its interest in such lands for nothing. The award was confirmed at Special Term, but upon appeal to the General Term that court reversed the order confirming the award and ordered a new appraisal before the same commissioners, basing its order upon the ground that the legislature could not take away the rights of the property owners left in them under the act of 1867 without compensation. Instead of going back before the commissioners and taking the new hearing, as provided for by the order of the General Term, the counsel for the railroad company has appealed here and claims the right to be now heard upon the merits of his appeal.
The order is clearly not appealable.
This is a special proceeding, and the only authority for an appeal to this court is to be found in subdivision 3 of section 190 of the Code. By that subdivision the order must be a final one before an appeal can be taken from it to this court. There can be no question that the order appealed from herein *Page 98 
is not of that description. It simply reverses the former and orders a new appraisal.
The orders mentioned in subdivision 2 of section 190 are orders made in an action and affecting a substantial right, and not resting in discretion. Under clause 6 of that subdivision, if the order adjudges a statutory provision of the state unconstitutional, an appeal may in certain contingencies be taken from the order to this court. This order is not included in that subdivision. Section 1361 of the Code of Civil Procedure, cited by counsel, applies to appeals to the General Term of the Supreme Court or to a Superior City Court, and has no application to appeals to this court.
By section 11 of the old Code (subd. 4), whenever a decision of any motion at Special Term was placed upon the ground of the unconstitutionality of any law of this state, an appeal could be taken from the order to the General Term and to the Court of Appeals. If it be assumed that under such subdivision in the old Code an appeal would lie to this court if the order were not final, provided it held a state law unconstitutional, the adoption of the new Code has altered that provision, and the order in a special proceeding, to be now appealable to this court, must be a final one.
This question has already been decided in Matter of Petition,etc. (98 N.Y. 12).
The order is not rendered appealable because, as claimed by the counsel for the railroad company, the General Term reversed the report and appraisement of the commissioners upon a ground which they were without power to consider. We see no reason for saying that the General Term had no power to consider the question whether the commissioners had not proceeded upon a wholly erroneous theory as to the law governing their appraisal in the case, and if the commissioners thought the act of 1887 permitted them to award nothing for the lands taken and they decided accordingly, we are not aware of any estoppel upon the land owners or the court which, upon appeal from the order confirming the report, would prevent the one from raising and the other from deciding the question *Page 99 
as to the validity of an act which provided for such an appraisal. And again: The court had power to hear and decide an appeal from the order confirming the report, and having such power, the order which it makes is within its jurisdiction even though an erroneous reason be given for its exercise. When the order which it, in fact makes is not a final one, we cannot review such order where the court exercises the jurisdiction granted to it by the Code.
The appeal should be dismissed, with costs.
All concur.
Appeal dismissed.